IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANDREW CAIRNS, et al.**<br>    **Plaintiffs,** | **CIVIL ACTION**<br>**NO. 09-2623** |
| vs. | |
| **CITY OF PHILADELPHIA, et al.**<br>    **Defendants.** | |

### ORDER AND AWARD OF DAMAGES

**AND NOW,** this _____ day of April 2012, upon consideration of the Plaintiffs' submissions, exhibits and testimony presented at the March 14, 2012 damages hearing, **IT IS HEREBY ORDERED AND DECREED** that Plaintiffs' request for damages is **GRANTED** as set forth below, in the total amount of $99,415.00.[1]

---

[1] Presently before this Court is Plaintiffs' unopposed request for damages. This lawsuit and the claims at issue arise from Defendants' Tower of Power and Brian Merrill undisputed actions. Additional Defendants, including but not limited to the City of Philadelphia, have settled the claims brought against them in this suit. Taking the facts in a light most favorable to Plaintiffs, the Court finds as follows.

Defendant Tower of Power, a Washington corporation, employed Defendant Brian Merrill ("Merrill"). Plaintiffs are residents of Philadelphia, Pennsylvania. On May 1, 2007, while standing in front of his home, Plaintiff Cairns was approached by Defendant Merrill, who was soliciting magazine sales for Defendant Tower of Power. Plaintiff Cairns indicated that he was not interested in purchasing any magazines. Subsequently, Merrill started to act bizarrely, became belligerent and attacked Plaintiff Cairns, who struck Merrill back in self defense after being hit several times by Merrill. Plaintiff Cairns made his fiancé, Plaintiff Silva, who was in the backyard of their home at the time of the altercation, aware of Merrill's threats, and subsequently entered the house to call the police. (Compl. ¶¶ 1,2,8-20, 25). Defendant Merrill allegedly threatened to kill both Plaintiffs and burn down the house where they resided, and it is suspected that he attempted to do so, based on a roof fire discovered by Plaintiff Cairns within forty-eight (48) hours of the altercation. Defendant Merrill's whereabouts were unknown to Plaintiffs and law enforcement after the altercation with Plaintiff Cairns, and Defendant Merrill's remain unknown to date. Defendant Brian Merrill was working as an employee for Tower of Power at the time of the alleged incidents causing Plaintiffs' injuries. As a result of the Defendant Merrill's false statements to the police, Plaintiff Cairns was arrested, housed in jail overnight, and charged with various offenses.

The charges against Plaintiff Cairns were later dropped, however, Plaintiff Cairns, whose business included governmental contracts, lost several opportunities to continue such governmental contracts due to the pending criminal charges arising out of the incident with Defendant Merrill, and will continue to suffer a severe loss of earnings due Merrill's actions. (Compl. ¶ 90). Both Plaintiff Cairns and Plaintiff Silva suffered and continue to suffer severe emotional distress and injuries as a result of the actions of Defendant Merrill, with such injuries including but not limited to, "exacerbation of pre-existing medical condition(s), psychological disorder(s), physical ailments and dermatological disorders." (Compl. ¶ 91).

Plaintiffs' specific claims against the remaining Defendants are as follows: (1) negligent infliction of emotional distress suffered by both Plaintiffs; (2) intentional infliction of emotional distress suffered by both Plaintiffs; (3) battery suffered by Plaintiff Cairns; (4) assault suffered by both Plaintiffs; and (5) respondeat superior asserted by both Plaintiffs. The Court awards damages to the Plaintiffs as discussed below.

Defendants shall remit full payment to Plaintiffs, within thirty (30) calendar days of the date of this order, as follows:

1. Plaintiff Cairns is awarded $94,415.00 in compensatory damages.

2. Plaintiff Silva is awarded $5,000.00 in compensatory damages.[2]

---

[2] Pursuant to the Federal Rules of Civil Procedure, default judgment may be entered by the court against a defendant who fails to plead or otherwise defend. Fed. R. Civ. Pro. 55(a), (b)(2). In the event of default, the factual allegations lodged in the complaint shall be taken as true by the court, with the exception of any averments as to damages. Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1999) (citations omitted). Further, "[i]f the damages are not for a 'sum certain or for a sum which can by computation be made certain,' Fed.R.Civ.P. 55(b)(1), the 'court may conduct such hearings or order such references as it deems necessary and proper.' Fed.R.Civ.P. 55(b)(2). Id.

In the present matter, Defendants Tower of Power and Brian Merrill (the "Tower of Power Defendants") failed to enter an appearance, plead or otherwise respond, despite being properly served. As a result, on December 1, 2009, the Court granted Plaintiffs' request for default judgment against the Tower of Power Defendants. (Doc. 15) Because damages remained unclear, the Court exercised its authority to hold a damages hearing on March 14, 2012. The Tower of Power Defendants failed to appear at the March 14, 2012 damages hearing, and were also absent from a damages hearing previously scheduled by the Court for May 23, 2011. Thus, the Court must consider the record as its stands, with evidence submitted only by Plaintiffs at the March 14, 2012 damages hearing.

A federal court evaluating a case pursuant to diversity of citizenship shall follow state law, which governs "the measure of damages and the availability of special and punitive damages." Siegel v. Ford Motor Co., 1195 WL 649166 (E.D. Pa. 1995)(citing Browning–Ferris Indus. v. Kelco Disposal Inc., 492 U.S. 257, 278, 109 S.Ct. 2909, 106 L.Ed.2d 219 (1989). In the present matter, Pennsylvania law governs the Court's assessment of damages, which must be based upon 'equity, reason, and pragmatism.' Sweetzel, Inc., v. Hawk Hill Cookies, Inc., 1996 WL 355357, at *3 (E.D.Pa.1996)(citations omitted). It is a well established rule that supporting evidence "of damage claims need not conform to a standard of mathematical exactness but must be reasonably sufficient if there is a fair basis for calculation." Masch v. Chouvalov, 1997 WL 438473, at *1 (E.D. Pa. July 24, 1997)(citing Fish v. Gosnell, 463 A.2d 1042 (Pa.Super.Ct.1983)).

The Court finds compensatory damages are appropriate in a total amount of $99,415.00. This determination is made by the Court based on evidence submitted by Plaintiffs during the March 14, 2012 damages hearing. Such evidence was provided in the form of both testimony and exhibits. The Court need not address damages available under all of Plaintiffs' individual claims, as awarding damages for each individual claim would be duplicative.

In Exhibit A from the March 14, 2012 damages hearing before the Court, Plaintiffs enumerated the following damages:

(1) Plaintiff Cairns
    (a) Apartment rental: $1130/month for 58 months = $65,540.00
    (b) Apartment utilities: $300/month for 58 months = $17,400.00
    (c) Apartment insurance: $125/year for 5 years = $625.00
    (d) Attorneys' fees criminal case: $750.00
    (e) Upkeep of house where incident occurred: $900.00/month for 58 months $900.00
    (f) Emotional distress past and future, including $3,850.00 for psychiatry visits and medication, and arrest record
    (g) Loss of life's pleasures past and future
    (h) Punitive damages
    (i) Loss of home
    (j) Loss Homeland Security work due to arrest record
    (k) Court appearances where Defendants failed to appear
    (l) Physical injury from being struck by Defendant Merrill
    (m) Being arrested

(2) Plaintiff Silva
    (a) Emotional distress
    (b) Aggravation of prior mental condition
    (c) Loss of life's pleasures
    (d) Deductible for physician visits and medication: $4,000.00 total

3. Plaintiffs shall not be awarded punitive damages.[3]

**IT IS FURTHER ORDERED** that the Clerk of Courts shall mark this case **CLOSED** for statistical purposes.

**BY THE COURT:**

/s/ Petrese B. Tucker

_____

**Hon. Petrese B. Tucker, U.S.D.J.**

---

(3) Total Specials: $135,250.00 plus non economic and punitive damages.

These unopposed damages are the basis of the Court's award for injuries suffered by Plaintiffs at the hands of Defendants. The Court awards damages to Plaintiffs as set forth below.

A. Compensatory Damages

"[C]ompensatory damages are intended to redress the concrete loss that the plaintiff has suffered by reason of the defendant's wrongful conduct." Cortez v. Trans Union, LLC, 617 F.3d 688, 718 (3d Cir. 2010) (quoting State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 416 (2003)). Under Pennsylvania law, the tort of intentional emotional distress allows for compensatory damages to be awarded where the plaintiff has suffered from the defendant's conduct, which was: (1) intentional or reckless; (2) extreme and outrageous; (3) actually caused the distress; and (4) caused distress that was severe. Cox v. Keystone Carbon Co., 861 F.2d 390, 395.

In the present matter, Defendant Merrill's physical attack was directed solely toward Plaintiff Cairns, and was intentional. Defendant Merrill's threats to burn the house and kill Plaintiff and all residents therein was extreme behavior waged against Plaintiff Cairns and Plaintiff Silva, who at the time were peacefully enjoying their private residential property. The intentional, extreme conduct of Defendant Merrill actually caused Plaintiff Cairns' severe distress, as documented by Plaintiff Cairns' testimony, and medical records from treatment subsequent to the incident with Defendant Merrill. (Ex. C).

As a result, the Court awards to Plaintiff Cairns a total of $94,415.00 in compensatory damages broken down as follows: (1) apartment rental, insurance and utilities for alternative dwelling: $83,565.00; (2) medical expenses for psychiatry visits and medication: $3,850.00; (3) loss of business due to arrest record: $2,000.00; and (4) pain and suffering: $5,000.00.

Under Pennsylvania law, a plaintiff may recover for common law assault, where the defendant "attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another" or "attempts by physical menace to put another in fear of imminent serious bodily injury." Commonwealth v. Jackson, 907 A.2d 540, 545 (Pa. Super. Ct. 2006) (citing 18 PA. CONS. STAT. ANN. § 2701(a)). Defendant Merrill's threat to destroy Plaintiffs' home and to kill them were intended the engender immediate fear in both Plaintiffs. Defendant Merrill's actions did just that, as Plaintiff Silva testified that she was fearful for her life, and suffered great harm, including but not limited to sleeplessness and severe anxiety, due to Defendant Merrill's conduct. Plaintiff Silva's injuries are further substantiated by her physician's statement. (Exs. E, F).

Accordingly, the Court awards to Plaintiff Silva a total amount of $5,000.00 for pain and suffering, as well as medical treatment.

[3] To win punitive damages, a plaintiff must show that: (1) that defendants committed a constitutional tort or state law tort, and (2) that defendants' conduct was "motivated by evil motive or intent," involved "reckless or callous indifference," or was "actuated by actual malice or accompanied by a wanton and willful disregard of persons who foreseeably might be harmed." Smith v. Wade, 461 U.S. 30, 56 (1983). Even taking as true the factual allegations set forth in the Complaint and in court, Plaintiffs have failed to establish that Defendants' actions were "motivated by evil motive or intent". Furthermore, Plaintiffs failed to request punitive damages in the Complaint, and submitted their request for punitive damages in an exhibit submitted at the damages hearing. Based on the foregoing, the Court declines to award punitive damages to Plaintiffs.